PROB 12C
(Rev. 2011)

# United States District Court
for
## Middle District of Tennessee

### Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: <u>Jesse Lee Bundy</u>     Case Number: <u>3:11-00097-01</u>

Name of Sentencing Judicial Officer: <u>Louise W. Flanagan, Chief U.S. District Judge (Eastern District of North Carolina); Jurisdiction accepted by the Honorable Todd J. Campbell on May 4, 2011.</u>

Date of Original Sentence: <u>July 9, 2009</u>

Original Offense: <u>Interfering with Commerce by Robbery; Aiding & Abetting.</u>

Original Sentence: <u>35 months' imprisonment and 3 years' supervised release.</u>

Type of Supervision: <u>Supervised Release</u>     Date Supervision Commenced: <u>October 22, 2010</u>

Assistant U.S. Attorney: <u>Lee Deneke</u>     Defense Attorney: <u>Andrew McCoppin (ED/NC)</u>

### PETITIONING THE COURT

■ To issue a Summons.
☐ To issue a Warrant.

**THE COURT ORDERS:**
☐ No Action
☐ The Issuance of a Warrant:
  ☐ Sealed Pending Warrant Execution
    (cc: U.S. Probation and U.S. Marshal only)
☒ The Issuance of a Summons.
☐ Other

Considered this <u>13</u> day of <u>Aug.</u>, 2012, and made a part of the records in the above case.

_/s/ Todd Campbell_
Honorable Todd J. Campbell
U. S. District Judge

I declare under penalty of perjury that the foregoing is true and correct. Respectfully submitted,

_/s/ Kenneth C. Fox_
Roger D. Carrier
U.S. Probation Officer

Place   Columbia, TN

Date   August 8, 2012

## ALLEGED VIOLATIONS

The probation officer believes that the offender has violated the following condition(s) of supervision:

Violation No.   Nature of Noncompliance

1.       **The defendant shall not commit another federal, state or local crime:**

On July 25, 2012, in Wilson County, Tennessee, Jesse Bundy did allegedly commit the crime of DUI, a class A misdemeanor, in violation of Tennessee Code Annotated 55-10-401. According to the affidavit, on July 25, 2012, Lebanon Police Officer McKinley stopped the defendant's car for speeding on South Maple Avenue in Lebanon, TN. Mr. Bundy had a strong odor of alcohol on his breath and person, red watery eyes, and slightly slurred speech. Mr. Bundy told the officer he had been at home drinking, and was driving to a friend's house. The officer asked Mr. Bundy to perform field sobriety tasks. Mr. Bundy performed three tasks and exhibited signs of impairment on all three. After performing the tasks, Mr. Bundy told the officer to just take him to jail.

Mr. Bundy is currently free on a $1,700.00 bond. His next court date in Wilson County General Sessions Court is September 10, 2012.

2.       **The defendant shall not commit another federal, state or local crime:**

On July 25, 2012, in Wilson County, Tennessee, Jesse Bundy did allegedly commit the crime of violation of the Implied Consent Law, a class A misdemeanor, in violation of Tennessee Code Annotated 55-10-406. According to the affidavit, on July 25, 2012, Lebanon Police Officer McKinley stopped the defendant's car for speeding on South Maple Avenue in Lebanon, TN. Due to suspicion for DUI, the officer explained the Implied Consent Law to Mr. Bundy and he declined testing.

Mr. Bundy is currently free on this charge on his own recognizance. His next court date in Wilson County General Sessions Court is September 10, 2012.

3.       **The defendant shall not commit another federal, state or local crime:**

On July 25, 2012, in Wilson County, Tennessee, Jesse Bundy did allegedly commit the crime of Driving on a Suspended License, a class A misdemeanor, in violation of Tennessee Code Annotated 55-10-504. According to the affidavit, on July 25, 2012, Lebanon Police Officer McKinley stopped the defendant's car for speeding on South Maple Avenue in Lebanon, TN. Due to a previous violation of the Implied Consent Law, Mr. Bundy's license was suspended on July 20, 2011, out of Wilson County.

Mr. Bundy is currently free on this charge on his own recognizance. His next court date in Wilson County General Sessions Court is September 10, 2012.

**Compliance with Supervision Conditions and Prior Interventions:**

Jesse Bundy is a resident of Wilson County, Tennessee, and has been under the federal supervision of the U.S. Probation Office since October 22, 2010. He has been sporadically employed for the majority of his supervision. He lives with his girlfriend in Lebanon, Tennessee. The probation officer completes frequent surprise home visits at the offender's residence.

On June 21, 2011, a report was filed by U.S. Probation Officer Augustine Omelogu notifying the Court of the offender's arrest for DUI and violation of the Implied Consent Law in Wilson County. It was recommended at that time that no further action be taken as the offender was willing to engage in intensive outpatient drug treatment and testing. Said petition was signed by Your Honor on June 22, 2011, ordering no action at that time, per the probation office's recommendation.

On October 31, 2011, a request for a modification of conditions of supervised release and an accompanying waiver of hearing to modify conditions, signed by the offender, was filed by U.S. Probation Officer Augustine Omelogu, notifying the Court of the offender's recent submission of several positive drug screens for cocaine and methamphetamine. The offender received inpatient drug treatment at Buffalo Valley, Inc., in Hohenwald, TN. Mr. Bundy's conditions were modified that he complete 120 days at the Residential Re-entry Center(RRC) after completing his inpatient treatment at Buffalo Valley. Mr. Bundy successfully completed his inpatient treatment at Buffalo Valley in November 2011, and successfully completed 120 days at the RRC in March 2012.

Mr. Bundy was interviewed by this Officer regarding his recent arrest via telephone on July 30, 2012. Mr. Bundy stated that on the night of his arrest, he had been at home playing video games and drinking whiskey with a friend. He was pulled over while taking his friend home. He could not explain why he would not submit to alcohol testing as requested by the police.

**U.S. Probation Officer Recommendation:**

It is respectfully requested that a summons be issued for Jesse Bundy to appear before the Court to answer to the violation behavior outlined above. This matter has been submitted to Assistant U. S. Attorney Lee Deneke who concurs with the recommendation.

Approved: _/s/ Kenneth P.C.___
Kenneth Parham
Supervisory U.S. Probation Officer

## SENTENCING RECOMMENDATION
## UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
## UNITED STATES V. JESSE LEE BUNDY, CASE NO. 3:11-00097-01

**GRADE OF VIOLATION:**     C
**CRIMINAL HISTORY:**     I

**ORIGINAL OFFENSE DATE:**     POST APRIL 30, 2003     PROTECT ACT PROVISIONS

|  | Statutory Provisions | Guideline Provisions | Recommended Sentence |
|---|---|---|---|
| **CUSTODY:** | 2 years (Class C fel.) *18 U.S.C. § 3583(e)(3)* | 3-9 months U.S.S.G. § 7B1.4(a) | 6 months |
| **SUPERVISED RELEASE:** | 3 years less any term of imprisonment *18 U.S.C. § 3583(h)* | 1-3 years U.S.S.G. § 5D1.2(a)(2) | none |

**Statutory Provisions:** When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment, the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. 18 U.S.C. § 3583(h). Upon revocation of supervised release, the defendant faces imprisonment of up to two years, pursuant to 18 U.S.C. §3583(e)(3).

**Guideline Policy Statements:** The guidelines set out in Chapter 7 of the United States Sentencing Guideline Manual are advisory. The violations listed above are Grade C violations. Upon a finding of a Grade C violation, the Court may (A) revoke supervised release; or (B) extend the term of supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B1.3(a)(2).

In the case of a Grade C violation where the minimum term of imprisonment determined under § 7B1.4 (Term of Imprisonment) is at least one month but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in § 5C1.1(e), for any portion of the minimum term. U.S.S.G. § 7B1.3(c)(1).

Respectfully Submitted,

*[signature]* for

Roger D. Carrier
U.S. Probation Officer

Approved:  *[signature]*
Kenneth Parham
Supervising U.S. Probation Officer